[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11131
Non-Argument Calendar

_____

Agency No. A074-265-111

JOSE LUIS GARCIA-FLORIAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 28, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Luis Garcia-Florian, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider the BIA's previous order dismissing his appeal and affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). On appeal, Garcia-Florian argues that the BIA erred by denying his motion to reconsider because he established that families can be social groups and the BIA erroneously overlooked his family connections and failed to explain why he was not part of that protected group. He asserts that, because the BIA failed to address the nexus between the persecution of his family and his own persecution and failed to give a plausible explanation for its denial of his motion, it abused its discretion by denying his motion to reconsider. He lastly contends that the BIA erred by failing to take into account the humanitarian concerns of asylum law.[1]

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent

---

[1] Because Garcia-Florian failed to raise this issue in his motion to reconsider, we lack jurisdiction to consider this issue. See Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional, such that we "lack jurisdiction to consider claims that have not been raised before the BIA").

authority." 8 C.F.R. § 1003.2(b)(1); see also 8 U.S.C. § 1229a(c)(6)(C), INA § 240(c)(6)(C). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. Calle, 504 F.3d at 1329. "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)).

In his motion to reconsider, Garcia-Florian failed to show that the BIA made any errors of fact or law as required by regulation for a successful motion to reconsider. Instead, Garcia-Florian merely reiterated some of the arguments in his motion to reconsider that had failed to persuade the BIA in his appeal from the IJ's denial of asylum, withholding of removal, and CAT relief. Therefore, the BIA did not abuse its discretion in denying Garcia-Florian's motion to reconsider. Accordingly, upon review of the record and consideration of the parties' briefs, we deny Garcia-Florian petition for review.

**PETITION DENIED.**